JOHN L. BURRIS, ESQ. (SBN 69888)
BEN NISENBAUM, ESQ. (SBN 222173)
JAMES A. COOK, ESQ. (SBN 300212)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
FREDDIE DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE DAVIS, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF BRENTWOOD, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Brentwood Police Department,<br><br>　　　　　　　　　Defendants. | CASE NO.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1.　　This case arises out of the excessive amount of force used by multiple Brentwood Police officers during Freddie Davis' arrest on February 8, 2017. During the arrest of Mr. Davis, without need or legal justification, multiple unidentified officers choked and repeatedly punched him in his ribs, seriously harming him in the process.

2.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used during Mr. Davis' arrest.

## JURISDICTION

3.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Antioch, Contra Costa County, California, which is within the judicial district of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.     Plaintiff FREDDIE DAVIS (hereinafter "Plaintiff"), has been and is a resident of the state of California and is a United States Citizen.

6.     Defendant CITY OF BRENTWOOD (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Brentwood Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as a peace officers.

7.     Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional,

or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely filed a tort claim against the City of Brentwood. On August 24, 2017, Plaintiff received notice that the City of Brentwood rejected his claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

10. The City of Brentwood is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth Amendment of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1 through 50, and each of them, who at the time they caused Plaintiff's injuries, damages were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

11. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

12. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

**GENERAL ALLEGATIONS**

13. On February 8, 2017 at approximately 12:00 a.m. at or near 5897 Lone Tree Way in Antioch, California, Plaintiff was driving down Lone Tree Way in heavy rain when his car began hydroplaning.

14. Plaintiff's car continued to hydroplane until he was finally able to stabilize the steering. At this time, an unidentified Brentwood Police officer conducted a traffic stop on Plaintiff's car. Plaintiff pulled into a nearby parking lot. Plaintiff believed that the purpose of the stop was so that the officer could inquire about his safety given that the car had nearly lost control because of the rain. However, the officer approached Plaintiff and asked him if he was under the influence of drugs and or alcohol. Plaintiff told the officer that he was not under the influence of drugs or alcohol. The officer then demanded that Plaintiff exit the car, so he could conduct a search. Plaintiff, confused by the request, asked why he had to exit the car. Shortly thereafter, approximately seven to eight unidentified police officers arrived at the scene. Plaintiff grew fearful of the hostile response to such an incident and exited his car. The officers conducted a search of Plaintiff's car. Nothing was found during the search. Plaintiff was allowed to return to his car. However, as Plaintiff returned to his car, he was asked by the other officers to exit his car once again, so a second search could be conducted.

Plaintiff informed the officers that he was terrified because of the number of officers at the scene and their insistence on searching the car. As Plaintiff sat in the driver's seat of the car, an unidentified officer on the front passenger side of the car shoved Plaintiff. Simultaneously, two officers on the driver side forcibly removed Plaintiff from the driver's seat. One officer grabbed Plaintiff by the arm while another grabbed him by the leg and threw him onto the asphalt. As Plaintiff lay on the ground, an officer mounted him and began choking while other officers delivered punches to Plaintiff's ribcage. The nightmarish incident came to an end as a senior officer arrived and ordered that Plaintiff be stood up.

15. Plaintiff was transferred to Martinez Detention Facility at approximately 1:00 a.m. where he was denied medical attention. Plaintiff later visited Sutter Delta Medical Center where he was diagnosed with a neck sprain and several contusions.

16. During the incident, the Officers worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

17. Each of the Officers failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint.

18. By failing to intervene, each of the Officers additionally violated Plaintiff's constitutional rights.

19. The actions and omissions of City and the DOE Defendant Brentwood Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

20. Plaintiff is informed and believes and thereon alleges that City and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1 through 25. Their failure to discipline DOES 1 through 25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up DOES 1 through 25's inclusive, misconduct.

21. Plaintiff is informed and believes and thereon alleges that members of the Brentwood Police Department, including, but not limited to DOES 1 through 25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

22. Plaintiff is informed and believes and thereon alleges that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

23. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

24. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

25. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

### FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Excessive Force)
### (Against Defendants DOES 1-25)

26. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

28. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

29. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

30. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

31. Plaintiff posed no threat to the Defendant Officers or anyone else when he was choked and repeatedly punched in the ribs.

32. The use of force in choking and subsequently beating Plaintiff was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

33. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and Brentwood Police Department, as elaborated upon in paragraphs 38-44.

34. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

35. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

36. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants City and DOES 26-50)**

37. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. On information and belief Defendants DOES 1-25's conduct, individually and as peace officers was ratified by City's police department supervisorial officers DOES 26-50.

39. On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

40. On and for some time prior to February 8, 2017, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive force and respect for the Fourth Amendment;

    b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

    d. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful seizures and excessive force;

    e. By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

    f. By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    g. By failing to properly investigate claims of unlawful seizures and excessive force by City Police Officers.

41. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost his earning capacity for which Plaintiff is entitled to recover damages.

42. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

43. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff.  Each of their actions was willful, wanton, oppressive,

malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

44. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of California Civil Code §52.1)**
**(Against Defendants DOES 1-25)**

45. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

47. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

48. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

49. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

50. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Battery)
### (Against Defendants DOES 1-25)

51. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 50 of this Complaint.

52. Defendants touched Plaintiff with the intent to harm or offend him.

53. Plaintiff did not consent to the touching and was harmed by it.

54. A reasonable person in Plaintiff's situation would have been offended by the touching.

55. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

56. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants DOES 1-25)

57. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint.

58. Defendants' conduct as described herein was outrageous.

59. Defendants intended to cause Plaintiff emotional distress.

60. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

61. Plaintiff suffered severe emotional distress from Defendants' harassment.

62. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

63. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

64. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence)**
**(Against Defendants DOES 1-50)**

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

66. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-50 pursuant to section 815.2 of the California Government Code.

67. Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff.

68. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

69. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

70. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof as to Defendants DOES 1-25;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  February 23, 2018                     __/s/ *John L. Burris* _____
                                                                    John L. Burris, Esq.,
                                                                    Attorney for Plaintiff