NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
AMY S. ROTHMAN (State Bar No. 308133)
amy.rothman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
City of Brentwood

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE DAVIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BRENTWOOD, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Brentwood Police Department,<br><br>Defendants. | Case No. C18-01207 WHO<br><br>**ANSWER TO COMPLAINT** |

Defendant CITY OF BRENTWOOD responds as follows to the Complaint for Damages ("Complaint") of FREDDIE DAVIS ("Plaintiff"). Defendant demands a jury trial in this action.

### INTRODUCTION

1. Defendant admits that Freddie Davis was arrested on February 8, 2017. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant neither admits nor denies the allegations in Paragraph 2 because it includes contentions and legal matters not proper for admission or denial.

### JURISDICTION

3. Defendant neither admits nor denies the allegations in Paragraphs 3 and 4 because it

includes contentions and legal matters not proper for admission or denial.

## PARTIES

4. Defendant neither admits nor denies the allegations in Paragraph 5 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

5. Defendant admits that the City of Brentwood is a municipal and/or public entity existing under the laws of the State of California, as alleged in Paragraph 6. Defendant neither admits nor denies the remaining allegations in Paragraph 6 because it includes contentions and legal matters not proper for admission or denial.

6. Defendant neither admits nor denies the allegations in Paragraph 7 because it includes contentions and legal matters not proper for admission or denial as Plaintiff has not identified the names of "DOES 1 through 25."

7. Defendant neither admits nor denies the allegations in Paragraph 8 because it includes contentions and legal matters not proper for admission or denial as Plaintiff has not identified the names of "DOES 26 through 50."

## ADMINISTRATIVE PREREQUISITES

8. Defendant admits that Plaintiff submitted a timely government tort claim to the City, as alleged in Paragraph 9. Defendant neither admits nor denies the remaining allegations in Paragraph 9 because it includes contentions and legal matters not proper for admission or denial.

## PRELMINARY AND GENERAL ALLEGATIONS

9. In answering the "Preliminary Allegations" in paragraphs 10 through 12, and the "General Allegations" in paragraphs 13 through 23, Defendant responds as follows: Defendant admits that on January 8, 2017, an officer from the Brentwood Police Department ("BPD") attempted to make a traffic stop of Plaintiff's vehicle for several California Vehicle Code violations including, driving over a double yellow line (CVC § 21460(a)), failing to have a rear license plate (CVC § 5200(a)), reckless driving, (CVC § 23103(a)), speeding (CVC § 22350) (speeding), and having tinted windows (CVC § 26708(a)(1)).

Additionally, once the officer attempted to pull Plaintiff's vehicle over, Plaintiff failed to "yield to the right" for an additional 2.5 blocks, in violation of CVC § 21806(a)(1)(failure to yield to the right).

10. Once Plaintiff finally pulled over, officers determined Plaintiff had no proof of insurance for the vehicle he was driving, and no California driver's license in violation of CVC § 12500(a). When told his vehicle would be impounded and an inventory search conducted on his vehicle, Plaintiff became verbally and physically resistive to officers. He failed to comply with officers' commands, threatened to kill officers and their children, and physically resisted officer's attempts to get him out of his vehicle. Once out of his vehicle, Plaintiff further verbally and physically resisted officer's lawful commands. Any force used by BPD officer(s) on Plaintiff was lawful and objectively reasonable under the totality of the circumstances in this action. Plaintiff was ultimately arrested for violating Penal Code ("PC") § 69 (violently resisting a peace officer), PC § 148(a) (resisting or delaying arrest), and PC § 422 (criminal threats).

11. Defendant denies the remaining allegations in paragraphs 10 through 23.

## DAMAGES

12. In answering paragraphs 24 through 25, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

13. Except as to the matters previously admitted, Defendant denies the remaining allegations in paragraphs 24 through 25 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Excessive Force)
### (Against Defendants DOES 1-25)

14. In answering Paragraphs 26 through 36, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

15. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 26 through 36 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Monell-Municipal Liability for Unconstitutional Custom or Policy)
### (Against Defendants DOES 26-50)

16. In answering Paragraphs 37 through 44, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

17. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 37 through 44 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
### (Violation of California Civl Code § 52.1)
### (Against Defendants DOES 1-25)

18. In answering Paragraphs 45 through 50, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

19. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 45 through 50 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
### (Battery)
### (Against Defendants DOES 1-25)

20. In answering Paragraphs 51 through 56, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

21. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 51 through 56 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants DOES 1-25)

22. In answering Paragraphs 57 through 64, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

23. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 57 through 64 of Plaintiff's Complaint.

### SIXTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants DOES 1-25)

24. In answering Paragraphs 65 through 69, Defendant incorporates by reference, its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

25. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 65 through 69 of Plaintiff's Complaint.

### JURY DEMAND

26. Plaintiff demands a jury trial in Paragraph 70 of the Complaint. Defendant also demands a jury trial

### PRAYER

27. Defendant neither admits nor denies the allegations in the Prayer for Damages portion of the Complaint, which includes seven paragraphs, as they include contentions and legal matters not proper for admission or denial.

### AFFIRMATIVE DEFENSES

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories and claims against Defendant.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any of these answering Defendants.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their

actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times and places mentioned in Plaintiff's Complaint, Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar or limit to his recovery under the Complaint.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of the Plaintiff and/or others, or on the part of any person or entity for whose acts or omissions Defendant is not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Plaintiff and/or others in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff and/or others requires that any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attached to the Plaintiff and/or others.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff, by virtue of his own conduct and omissions, has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged or protected under applicable federal and state statutes and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, Defendant is immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, all actions taken by the Defendant (and/or any other

officers who were involved in any manner in relation to the incident) were reasonable under the circumstances faced and were taken under a good faith belief that the actions were not unlawful and the Defendant is therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

10. AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the alleged acts or omissions of the Defendant (and/or any other officers who were involved in any manner in relation to the incident) was based upon the officer or officers reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Plaintiff and the Defendant used reasonable force and efforts to effect the detention and/or arrest, to prevent the escape and/or overcome the resistance of the Plaintiff, and for the safety of the lives of the involved officers and/or others; and the Defendant is therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that only such reasonable force as was necessary and lawful under the totality of the circumstances was used by the Defendant.

13. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the matters complained of by Plaintiff, if committed by the Defendants, were consented to by Plaintiff.

15. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at or about the time of the alleged event, the Defendant was presented with and had in its possession sufficient facts to constitute reasonable suspicion for a detention and/or

probable cause for the arrest of Plaintiff.

16. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein are barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

18. AS FOR A EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Defendant was acting in good faith in respect to the acts and/or omissions alleged in the Complaint.

19. AS FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants' actions were objectively reasonable based upon the totality of circumstances facing officers at the time of the incident involving Plaintiff.

20. AS FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff cannot demonstrate any viable custom, practice and/or policy of Defendant City of Gilroy or Gilroy Police Department, and/or ratification by any Defendant, or any other similar basis, that allegedly violated Plaintiff's constitutional and/or federal rights.

21. AS FOR A TWENTY FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff, himself, was violent, combative, threatening, and/or battering to the Defendant and other peace officers and the Defendant and other peace officers acted in self-defense in relation to any claimed use of force and to overcome Plaintiff's significant resistance and flight.

22. AS FOR A TWENTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants and/or its employees are immune from liability by virtue of the provisions of Section 815 and 820 et seq. of the California Government Code.

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff takes nothing by way of his Complaint herein;

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, C18-01207 WHO     8

2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: April 6, 2018

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: _____
Noah G. Blechman
Amy S. Rothman
Attorneys for Defendant
City of Brentwood